**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| EXCLUSIVE DOOR HANDLES, INC. ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. _____ |
| ) | |
| vs. ) | (JURY DEMANDED) |
| ) | |
| WILD AUGUST, LLC, and ) | |
| ONE SOURCE INDUSTRIES, LLC d/b/a as ) | |
| ONE SOURCE SPECIALTIES, LLC ) | |
| ) | |
| Defendant. ) | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff alleges as follows:

**PARTIES**

1. Exclusive Door Handles, Inc. d/b/a AdHandle Group ("EDH") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Dallas, Texas.

2. Upon information and belief, Wild August, LLC ("Wild August") is a limited liability company organized and existing under the laws of the State of Illinois, with a place of business at 20095 Park Hill Court, Deer Park, Illinois 60010. Wild August may be served with process by serving its registered agent for service of process in the State of Texas, namely, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701-3218.

3. Upon information and belief, One Source Industries, LLC d/b/a (or through a division called) One Source Specialties, LLC ("One Source") is a limited liability company

organized and existing under the laws of the State of California, with a place of business at 185 Technology Drive, Suite 100, Irvine, California 92618.

## JURISDICTION AND VENUE

4.   This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281 and 284-285, among others.  This Court has subject matter jurisdiction of the action under Title 28 U.S.C. § 1331 and § 1338(a).

5.   Upon information and belief, personal jurisdiction by this Court over each Defendant is proper based upon its having regularly conducted business, including the acts complained of herein, within the State of Texas and this judicial district and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

6.   Venue properly lies in this district under the provisions of 28 U.S.C. § 1391 because each Defendant has purposely and repeatedly availed itself of the privilege of doing business within the district, and because a substantial part of the events giving rise to the claims herein occurred in this district.

## THE PATENT-IN-SUIT

7.   On June 10, 2008, United States Patent No. 7,383,654 (the "'654 patent") was duly and legally issued to EDH for a "Door Handle with Interchangeable Graphic Display."  A true and correct copy of the '654 patent is attached hereto as Exhibit A.  EDH is the owner of the '654 patent.

## DEFENDANTS' ACTS

8. Wild August, in this District, has directly or through one or more third party distributors (including One Source), offered for sale, sold, manufactured, used and/or otherwise provided third parties certain advertising products known as the Cool-Ad™ handle. The Cool-Ad handle is designed to be coupled to an existing door handle, such as a door handle used in a merchandise display. The Cool-Ad handle is an assembly that includes a frame adapted to receive interchangeable display inserts. Printed advertising inserts slide into the Cool-Ad frame, making it easy for merchandisers to change features and promotions, thereby increasing product sales. The Cool-Ad products infringe at least claims 1-2 and 4-5 of the '654 patent under 35 U.S.C. §271(a).

9. Wild August and One Source acquired knowledge of the patent-in-suit through direct notice that was communicated to each Defendant at least as early as November 29, 2012, and, with respect to Wild August, again on February 8, 2013. Defendants' infringement of the patent-in-suit is now being carried out willfully.

10. As a result of each Defendant's infringement of '654 patent, Plaintiff has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. §284, but in no event less than a reasonable royalty.

11. Upon information and belief, each Defendant's infringing conduct will continue unless enjoined by this Court, resulting in continuing harm to Plaintiff.

## JURY DEMAND

12. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter a judgment in its favor and against each Defendant as follows:

    A.    permanently enjoining each Defendant, its agents, servants, and employees, and all those in privity with it or in active concert and participation with it, from engaging in acts of infringement of the patent-in-suit;

    B.    awarding Plaintiff past and future damages together with prejudgment interest and post-judgment interest to compensate for the infringement of the patents-in-suit in accordance with 35 U.S.C. § 384;

    C.    declare this case exceptional, pursuant to 35 U.S.C. § 285; and

    D.    awarding Plaintiff its costs (including expert fees), disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court; and

    E.    granting such further relief as this Court deems to be just and proper.

Respectfully submitted,

/S/ David H. Judson
David H. Judson

LAW OFFICE OF DAVID H. JUDSON
15950 Dallas Parkway
Suite 225
Dallas, Texas 75248
Tel.: (214) 939-7659